**Opinion issued July 25, 2019**



In The

# Court of Appeals

For The

# First District of Texas

——————————

## NO. 01-19-00490-CV

——————————

## IN THE INTEREST OF A.L.B. AND A.M.B., CHILDREN

---

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-02581J**

---

## MEMORANDUM OPINION

Appellant, A.B., proceeding pro se, attempts to appeal from the trial court's final decree for termination, signed on June 13, 2017. The appellee, the Texas Department of Family and Protective Services, has filed a motion to dismiss the appeal as untimely. We agree, grant the motion, and dismiss this appeal for want of jurisdiction.

This is an accelerated appeal from a final order in a suit in which the termination of the parent-child relationship is at issue ("parental termination case"). *See* TEX. R. APP. P. 28.4(a). Generally, a notice of appeal is due within twenty days after the final judgment or order is signed in an accelerated appeal, such as this parental termination case, but the deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a post-judgment motion. *See id.* 26.1(a)(1), (b); TEX. R. CIV. P. 329b(a), (g).

Here, the district clerk's letter of assignment lists a related appeal, assigned to appellate cause number 01-17-00547-CV, which we affirmed the final decree on December 21, 2017. *See In the Interest of A.L.B.*, No. 01-17-00547-CV, 2017 WL 6519969, at *1 (Tex. App.—Houston [1st Dist.] Dec. 21, 2017, no pet.) (mem. op.). Appellant's notice of appeal incorrectly lists December 21, 2017, as the date of the final decree when that was actually the date of this Court's opinion. This Court's mandate from that prior appeal, under 01-17-00547-CV, filed by appellant, A.B., and represented by counsel, lists the final decree as being signed on June 13, 2017. Our mandate issued March 2, 2018. Thus, despite that appellant already appealed this final decree once before, because appellant's notice of appeal was due within twenty days after the final decree was signed on June 13, 2017, or by July 3, 2017, her June 20, 2019 notice of appeal was untimely filed by nearly two years. *See* TEX.

2

R. APP. P. 26.1(b). Without a timely filed notice of appeal, this Court lacks jurisdiction over this second appeal. *See* TEX. R. APP. P. 25.1, 26.1.

The Clerk of this Court's July 9, 2019 notice warned appellant that this appeal was subject to dismissal for want of jurisdiction unless she timely responded within ten days of that notice and showed how this Court had jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c). Appellee then filed this motion to dismiss this appeal as untimely on July 11, 2019. Appellant failed to adequately respond to either the notice or motion.[1]

Accordingly, we grant appellee's motion and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Kelly, and Goodman.

---

[1] On July 18, 2019, appellant filed a letter and a copy of her counsel's brief filed in the prior appeal, 01-17-00547-CV, but she did not address this Court's jurisdiction over this second appeal.